MYERS, J.,
for the Court:
¶ 1. Levon Jordan, Christine Hartley, Geraldine Foster, John Jordan, Jr., and Allen Jordan (Appellants) appeal the judgment of the Copiah County Chancery Court granting summary judgment in favor of Alvaline Baggett, Walter Calvin Mathis, Yolanda Mathis, Willie James Mathis, Patricia Wells, and Charles Lewis Haley (Appellees). Finding no error, we affirm.
FACTS
¶ 2. The Appellants are all the children of John Davis Jordan, Sr., deceased (Jordan), and Ann Ethel Jordan. The Appel-lees are the children of two different mothers, Eva Mae Mathis and Dorothy Jones. Jordan is alleged to be the father of all of the Appellees. He passed away on June 3, 1996.
¶ 3. On August 22, 1996, Alvaline Bag-gett filed a petition to open Jordan’s estate. Those persons listed in her petition as the heirs at law of Jordan were the Appellants and the Appellees in this action. Baggett was subsequently granted letters of administration. On September 19, 1996, Geraldine Foster filed a petition for letters of administration and for a determination of the heirs of Jordan. Foster’s petition alleged that the Appellants are the sole heirs at law of Jordan. A hearing was held on the matter on July 19, 1999. The chancellor rendered judgment on October 22, 1999, finding that all of the Appellants and all of the Appellees were heirs at law of Jordan.
¶ 4. On appeal, the Appellants make two assignments of error, which are taken verbatim from their brief:
I. THE EVIDENCE PRESENTED BY APPELLEES FAILED TO MEET THE BURDEN OF PROOF AND FAILS TO SUPPORT THE FINDINGS OF THE CHANCELLOR.
II. THE APPELLEES FAILED TO MEET THE BURDEN OF PROOF BY NOT INTRODUCING DNA AND/OR BLOOD TEST EVIDENCE AND IT WAS ERROR FOR THE CHANCELLOR NOT TO ORDER DNA AND/OR BLOOD TESTING WHEN SUCH TESTING WAS AVAILABLE AND WAS THE BEST EVIDENCE.
DISCUSSION
I. THE EVIDENCE PRESENTED BY APPELLEES FAILED TO MEET THE BURDEN OF PROOF AND FAILS TO SUPPORT THE FINDINGS OF THE CHANCELLOR.
¶ 5. The Appellants assert that the evidence presented by the Appellees at trial was not sufficient to establish paternity. We will not disturb a chancellor’s findings of fact when there is substantial evidence in the record to support those findings. In re Conservatorship of McGowen, 752 So.2d 1078, 1081 (¶ 11) (Miss.Ct.App.1999). A review of the testimony presented as to the paternity of each Appellee indicates that the judge had substantial evidence before him upon which to base his decision.

Walter Calvin Mathis

¶ 6. Walter was born on February 2, 1957, to Ms. Dorothy Jones. While Mr. Jordan is not listed on Walter’s birth cer *310 tificate or any of his school records, Ms. Jones testified that Mr. Jordan came to see Walter as a baby and acknowledged that Walter was his son. Walter testified that Mr. Jordan was the only father that he had ever known. He farther testified that Jordan introduced him to the children of Eva Mae Mathis and the children of Ann Ethel Jordan and that Mr. Jordan told him that they were all his brothers and sisters.

Alvaline Baggett

¶ 7. Alvaline was born on July 5, 1958, also to Ms. Jones. Mr. Jordan was not named on Alvaline’s birth certificate or school records as her father. Jones testified that although Jordan was not present at Alvaline’s birth, he did come and visit her a few days after her birth. Jones also testified that she was not having sexual relations with anyone other than Mr. Jordan around the time Alvaline was conceived. Alvaline testified that Mr. Jordan had been introduced to her as her father, and that she visited him on Father’s Day, Christmas and Thanksgiving. She also testified that Levon, John Jr., and Allen had been introduced to her by Mr. Jordan, and that Mr. Jordan told her that they were her brothers.

Yolanda Mathis

¶ 8. Yolanda was born to Ms. Eva Mae Mathis on September 2,1968. Yolanda testified that Mr. Jordan was the only father that she had ever known and that Jordan visited her frequently when she was a child. Allen Sullivan, former vice-president of Sunburst Bank in Crystal Springs, Mississippi, testified that Mr. Jordan had co-signed a promissory note with Yolanda for a loan. Mr. Sullivan further testified that Jordan told him that Yolanda was Jordan’s daughter.

Patricia Wells

¶ 9. Patricia was born on July 20, 1958, and is also the daughter of Ms. Eva Mae Mathis. Eva Mae testified that Jordan was the only sexual partner that she had at the time of Patricia’s conception. Eva Mae further testified that Jordan was present at Patricia’s birth and that Jordan occasionally took Patricia to the reservoir and the zoo when she was a child.

Charles Louis Haley

¶ 10. Charles was born on November 16, 1961, also to Ms. Eva Mae Mathis. Eva Mae testified that Jordan was her only sexual partner at the time of Charles’s conception. She further testified that although Jordan was not present at Charles’s birth, he did come by the house later that evening to see Charles and acknowledged Charles as his son. Charles testified that Jordan was the only father that he had ever known and that Jordan had told him that he was Jordan’s son. He also testified that he took his children to visit Jordan regularly before Jordan passed away.

Willie James Mathis

¶ 11. Willie was born to Eva Mae Mathis on July 9, 1962. Eva Mae testified that the only sexual partner that she had at the time of Willie’s conception was Jordan. Willie testified that Jordan was the only father that he had ever known and that Jordan had told him that he was Jordan’s son. Willie also testified that Jordan acted toward him as a father would.
¶ 12. Other testimony at trial indicated that the children of Eva Mae Mathis and the children of Dorothy Jones treated each other as siblings. Also, while the purported last will and testament of Jordan did not meet the statutory requirements for probate, it is admissible as evidence that the appellees were his children. In that document, which was signed by Jordan *311 and notarized, Jordan states his wish to have all of his assets divided among his eleven children. He then names all of the appellants and all of the appellees as his children.
¶ 13. The evidence discussed above provides a substantial basis upon which the chancellor could have based his decision. This issue is therefore without merit.
II. THE APPELLEES FAILED TO MEET THE BURDEN OP PROOF BY NOT INTRODUCING DNA AND/OR BLOOD TEST EVIDENCE AND IT WAS ERROR FOR THE CHANCELLOR. NOT TO ORDER DNA AND/OR BLOOD TESTING WHEN SUCH TESTING WAS AVAILABLE AND WAS THE BEST EVIDENCE.
¶ 14. The Appellants contend that the failure of the chancellor to order DNA and/or blood testing constituted reversible error. In doing so, the Appellants cite Miss.Code Ann. § 93-9-21(1) (Rev.2000). This code provision states that:
[t]he court, on its own motion or motion of the plaintiff or defendant, shall order the mother, the alleged father and the child or children to submit to blood tests and any other tests which reasonably prove or disprove the probability of paternity.

Id.

¶ 15. The Appellants argued that the word “shall” in the above passage makes blood testing mandatory in a determination of paternity. However, as the Appel-lees point out, Section 93-9-21(1) is part of the uniform law on paternity, which sets forth the obligations placed upon the father of a child born out of wedlock. The case at bar deals with the rights of illegitimate children under Section 91-l-15(3)(c). The Appellants are unable to cite, and we are unable to find, any case in which Section 93-9-21(1) has been applied to a case of descent and distribution. There is no applicable statutory provision or judicial decision mandating or even suggesting the necessity of blood testing or DNA evidence in cases of descent among illegitimates. Furthermore, whether it is within the authority of a chancellor conducting an heir-ship proceeding under Section 91 — 1— 15(3)(c) to order genetic testing under some authority other than Section 93-9-21 upon the request of any party to the proceeding is a question that we need not answer at this time since no such request was made at the trial level. This issue is also without merit.
¶ 16. THE JUDGMENT OF THE CO-PIAH COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE AND CHANDLER, JJ., CONCUR. IRVING, J. CONCURS IN RESULT ONLY.